UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 18-125-DLB

KAREEM MILLHOUSE                                                             PLAINTIFF

VS.                      **MEMORANDUM OPINION AND ORDER**

RHONDA JONES, et al.                                         DEFENDANTS

\*\*\*     \*\*\*     \*\*\*     \*\*\*

I.      INTRODUCTION

Plaintiff Kareem Millhouse is a prisoner confined at the United States Penitentiary ("USP")–McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Millhouse has filed a civil-rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80. (Doc. # 6).

By separate order, the Court has granted Millhouse's Motion to Proceed *in Forma Pauperis*. (Doc. # 10). Thus, the Court must conduct a preliminary review of Millhouse's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). That said, the Court evaluates Millhouse's Complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as

1

true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## II. ANALYSIS

### A. Initial Screening of the Complaint

Millhouse's Complaint identifies at least fourteen different defendants, which roughly fall into the following categories: (1) medical providers and/or health service administrators at USP-McCreary (Rhonda Jones, Pamela Kenny, R. Cimorossa, Mitchell Dyer); (2) prison administrative staff (J. Ray Ormond, "Baron" (Associate Warden), N. Keith, J. Gaddis, Pamela Poston, Holly Anderson, W. Foster, and "Hutchinson"); (3) John Does 1-8; (4) the United States of America; and (5) the Federal Bureau of Prisons ("BOP").[1] (Doc. # 6). His Complaint generally alleges that the defendants were each deliberately indifferent to his serious medical needs, specifically with respect to his chronic back pain, nerve pain, a left knee injury, and carpal tunnel syndrome, in violation of his rights under the Eighth Amendment. *Id*. He also raises allegations that certain defendants refused to honor his lower bunk authorization on various occasions, and, as a result, he experienced pain climbing onto his upper bunk and he fell from his upper bunk on multiple occasions. *Id*. In addition to his Eighth Amendment claims, Millhouse seeks to bring claims for violations of his Fifth and Fourteenth Amendment due process rights, as well as a claim under the FTCA. (Doc. # 6 at 4).

---

[1] Although Millhouse's original Complaint asserted claims against "Carrie Cunnigan, Medical Doctor" and R. Clark (Doc. # 1), due to various deficiencies in his original Complaint, Millhouse was instructed to re-submit his Complaint on the appropriate form. (Doc. # 4). His re-submission (Doc. # 6), which supersedes his original pleading, omits any reference to Dr. Cunnigan and/or R. Clark. Thus, Millhouse's claims against these defendants will be dismissed without prejudice and Dr. Cunnigan and R. Clark will be dismissed as defendants to this action.

Although the allegations in Millhouse's Complaint are unclear as to which claims he seeks to bring pursuant to *Bivens* and which he seeks to bring pursuant to the FTCA, to the extent that Millhouse alleges violations of his constitutional rights, such claims are properly construed as *Bivens* claims. The *Bivens* doctrine allows a federal prisoner to bring a money-damages suit against federal officers who violated certain constitutional rights, including the Eighth Amendment right to be free from cruel and unusual punishment. *Carlson v. Green*, 446 U.S. 14 (1980).[2] However, a *Bivens* claim is only properly asserted against individual federal employees in their individual capacities. *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). Thus, Millhouse may not bring a *Bivens* claim against the United States or the BOP. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP."). Accordingly, to the extent that Millhouse alleges constitutional *Bivens* claims against the United States and/or the BOP, these claims will be **dismissed**.

---

[2] The Supreme Court has expressly held that where a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the broad rubric of substantive due process. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998); *see also Graham v. Connor*, 490 U.S. 386, 395 (1989) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims."). Thus, although Millhouse references the due process clauses of the Fifth and Fourteenth Amendments, the Eighth Amendment is the proper vehicle to assert challenges to his medical care. *See Cooleen v. Lamanna*, 248 F. App'x 357, 362 (3d Cir. 2007) (viability of claim under Eighth Amendment to challenge medical care of prisoner forecloses availability of substantive due process claim).

Turning to Millhouse's *Bivens* claims against the individual defendants, in order to recover against a given defendant in a *Bivens* action, the plaintiff "must allege that the defendant [was] personally involved in the alleged deprivation of federal rights." *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (*citing Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)). The mere fact of supervisory capacity is not enough; respondeat superior is not an available theory of liability. *Polk Cty. v. Dodson*, 454 U.S. 312, 325-26 (1981).

Merely responding to a grievance is not a basis to impose liability. *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). Rather, to establish that non-medical personnel, such as a warden or jailer, were deliberately indifferent to an inmate's serious medical needs, the plaintiff must demonstrate that he or she intentionally prevented or interfered with a doctor's course of appropriate treatment, or directly or tacitly authorized the physician's clear mistreatment or neglect of an inmate. *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) ("If a prisoner is under the care of medical experts ... a non-medical prison official will generally be justified in believing that the prisoner is in capable hands."); *Brock v. Wright*, 315 F.3d 158, 164-65 (2d Cir. 2003) (absent evidence that warden was medically trained or independently understood allegedly adverse consequences of regional medical director's decision not to refer prisoner for outside treatment, warden was not deliberately indifferent to prisoner's medical needs merely for adopting medical director's decision); *Coleman v. Lappin*, No. 6:10-CV-186-GFVT, 2011 WL 4591092, at *6-7 (E.D. Ky. 2011) (collecting cases).

The Court finds that the allegations against Defendant Cimorossa and Defendant Baron are insufficient to state *Bivens* claims against them for violating Millhouse's

4

constitutional rights. At most, Millhouse alleges that, although he complained to these individuals regarding the inadequate and ineffective care he alleges he received since his arrival at USP-McCreary, his pleas were ignored. (Doc. # 6 at 4, 5). However, particularly with respect to administrative staff, such allegations are insufficient to establish personal involvement with respect to Millhouse's claims of deliberate indifference to his medical needs. Accordingly, Millhouse's claims against Defendant Cimorossa and Defendant Baron will be **dismissed**.

With respect to Millhouse's claims based on his allegations of deliberate indifference to his medical needs made against the individual medical providers—Defendant Pamela Kenny and Defendant Mitchell Dyer—**the Court finds that a response from these defendants is required before these claims may be adjudicated further**.

With respect to the remaining defendants—Rhonda Jones, J. Ray Ormond, Pamela Poston, J. Gaddis, N. Keith, W. Foster, Holly Anderson, and "Hutchinson"—to the extent that Millhouse's Complaint suggests that any of these individuals intentionally interfered with a doctor's course of treatment by refusing to honor his lower bunk pass, **the Court finds that a response from these defendants is required before these claims may be adjudicated further**.

As for Millhouse's FTCA claim, the FTCA constitutes a limited waiver of the United States' sovereign immunity for the negligence of government employees. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The "FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) (citing 28 U.S.C. § 2679(a)). In

addition, the Westfall Act, 28 U.S.C. § 2679(b)(1), immunizes federal employees from tort liability for actions taken within the scope of their employment. *Roberts v. United States*, 191 F. App'x 338 (6th Cir. 2006). Thus, to the extent that Millhouse seeks to assert his FTCA claims against the individual defendants and/or the BOP, these claims will be **dismissed**.

However, as the Court has previously indicated, the FTCA permits the exercise of subject-matter jurisdiction over such a claim only if it has already been presented to the agency for administrative settlement and the agency has denied the request. 28 U.S.C. § 2675(a); *Myers v. United States*, 526 F.3d 303, 305 (6th Cir. 2008). If the plaintiff did not both file an administrative claim and receive a denial from the agency before filing suit, the FTCA mandates the dismissal of a suit against the United States. *McNeil v. United States*, 508 U.S. 106 (1993). Here, it is unclear whether Millhouse has presented any such tort claim to the BOP for administrative settlement and, if he did and the BOP denied his request, whether his FTCA claims brought in this lawsuit are timely. Although the Court previously directed Millhouse to submit the Standard Form-95 he filed with the BOP regarding the tort claims asserted in his Complaint and the BOP's denial of his request for administrative settlement, he has failed to do so, stating that he no longer has the form. (Doc. # 15). Given the uncertainty in the record, **the Court finds that a response from the United States is required before this claim may be further adjudicated**.

Because the Court has granted Millhouse *pauper* status, the Clerk's Office and the United States Marshals Service ("USMS") will serve the remaining defendants with a summons and copy of the Complaint on his behalf. Fed. R. Civ. P. 4(c)(3); 28 U.S.C.

§ 1915(d).

B.  **Miscellaneous Motions**

Also pending before the Court are a multitude of other motions that Millhouse has filed: (1) a Motion to Appoint Counsel (Doc. # 11); (2) a Motion Requesting Ruling on his Motion for Preliminary Injunction (Doc. # 14); (3) a Motion for Order pursuant to Rule 60(b)(1), 60(b)(4) and 60(b)(6) (Doc. # 16); (4) a Motion to Add Exhibit X to Millhouse's recently filed Rule 60 Motion (Doc. # 18); and (5) a Motion to Stay (Doc. # 19). Each of these motions will be addressed in turn.

In his Motion to Appoint Counsel, Millhouse states that appointment of counsel is necessary because his Complaint is "complex" and it is in the interest of justice because it will improve the efficiency of litigation at the discovery stage. (Doc. # 11). However, 28 U.S.C. § 1915(e)(1) authorizes a federal court to appoint counsel to represent a *pro se* party in civil litigation only in truly exceptional circumstances. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). When considering whether to grant such a request, the court considers the complexity of the case, the movant's likelihood of success on the merits of the claim, and the ability of the plaintiff to represent himself competently. *Cleary v. Mukaskey*, 307 F. App'x 963, 965 (6th Cir. 2009). In this case, the Court does not find that the claims asserted by Millhouse are unduly complex and Millhouse has adequately presented the claims in narrative form in his Complaint. Moreover, to the extent that Millhouse asserts that the appointment of counsel will result in a more efficient discovery process, the defendants in this case have not yet been served, and thus no responses to his Complaint have been filed. In these circumstances, concerns about the efficiency of discovery are premature. Having considered the *Lanier* factors, the Court concludes that

7

this case does not present the kind of extraordinary circumstances that warrant the appointment of counsel for Millhouse. Accordingly, Millhouse's Motion to Appoint Counsel (Doc. # 11) is **denied**.

Millhouse has also filed a Motion Requesting a Ruling (Doc. # 14) on his previously filed Motion for Preliminary Injunction. (Doc. # 5). Millhouse's Motion for Preliminary Injunction, however, was previously denied by the Court in an Order dated May 24, 2018 (Doc. # 10), thus Millhouse's Motion Requesting a Ruling is **denied as moot**.

Related to the Court's Order denying Millhouse's request for a preliminary injunction, he has also filed: (1) a Motion for Order pursuant to Rule 60(b)(1), 60(b)(4) and 60(b)(6) (Doc. # 16); (2) a Motion to Add Exhibit X to his recently filed Rule 60 Motion (Doc. # 18); and (3) a Motion to Stay, requesting that the Court enter an Order directing that Millhouse not be transferred until the Court rules on his Rule 60 Motion. (Doc. # 19).

To begin, Millhouse is advised that the Court generally will not allow him to present arguments in a piecemeal fashion. Regardless, because this is his first request, Millhouse's Motion to Add an Exhibit supplementing his Rule 60 Motion (Doc. # 18) is **granted**.

The merits of Millhouse's Rule 60 Motion, however, are another matter. Millhouse seeks relief from the Court's Order denying his Motion for a Preliminary Injunction under Rule 60 of the Federal Rules of Civil Procedure. Specifically, he relies on the provisions of that Rule permitting a district court to grant relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect" (Rule 60(b)(1)); where "the judgment is void (Rule 60(b)(4)); or for "any other reason that justifies relief" (Rule 60(b)(6)). Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is "circumscribed by public policy favoring finality of

judgments and termination of litigation." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F. 3d 465, 468 (6th Cir. 2007) (internal quotation marks omitted). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. Allied Signal, Inc.*, 250 F. 3d 381, 385 (6th Cir. 2001).

Millhouse fails to show that the circumstances warranting relief under Rule 60(b) are present in this case. Rather, Millhouse's Rule 60 Motion attempts to present additional evidence regarding his medical condition and essentially repeats the same arguments made in his original Motion for a Preliminary Injunction. (Doc. # 16). Nonetheless, the Court has reviewed Millhouse's Motion and upon a consideration of the merits, has determined that there is no reason to depart from its prior conclusion that the extraordinary remedy of a preliminary injunction is not warranted in this case. (Doc. # 10). Thus, Millhouse's Motion for Order pursuant to Rule 60 (Doc. #16) is **denied**. For the same reasons, Millhouse's Motion to Stay (Doc. # 19), which requests that the Court enter an Order directing that Millhouse not be transferred until the Court rules on his Rule 60 Motion, is **denied as moot**.

### C. Further Filings

One final note. The Court is well aware of Millhouse's history as an abusive litigator. Indeed, as the Court noted in its Order granting Millhouse *pauper* status, he has been barred from proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) by various other courts. See *Millhouse v. Seroski*, No. 1:16-cv-1622-SHR-GS (M.D. Pa. 2016) (Doc. # 6 at 5 therein) (discussing Millhouse's "strikes"); *Milhouse v. O'Brien*, No. 1:14-cv-56-IMK-JES (N.D. W.Va. 2014) (Doc. # 15 at 4 therein) (Magistrate Judge's

Report and Recommendation, noting that Millhouse is listed on the National *Pro Se* Three-Strikes Database as an abusive filer).  Despite his litigation history and out of an abundance of caution, the Court granted Millhouse *pauper* status in this action under the "exigent circumstances" exception to § 1915(g) because Millhouse raised allegations that defendants failed to adequately treat his chronic medical condition.

That Millhouse has been permitted leave to proceed *in forma pauperis* in this action, however, does **not** mean that the Court will allow him to burden the Court with repetitive, incomplete, and/or frivolous filings.  Certainly, the Court must afford additional latitude to parties untrained in the law, *Haines v. Kerner*, 404 U.S. 519, 596 (1972), as their misguided actions may be the consequence of inexperience or lack of specialized knowledge, rather than borne of a desire to harass or delay.  But this forgiving approach to compliance with procedural rules has never "[been] interpreted so as to excuse mistakes by those who proceed without counsel," *McNeil v. United States*, 508 U.S. 106, 113 (1993), and the courts have never allowed "the right of self-representation [to be used as] a license to abuse the dignity of the courtroom."  *Faretta v. California*, 422 U.S. 806, 835 n.46 (1975).  Even a court's "special solicitude" towards *pro se* litigants "does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights."  *Pandozy v. Segan*, 518 F. Supp. 2d 550, 558 (S.D.N.Y. 2007) (imposing pre-filing restrictions against a litigant "unwilling[ ] to accept unfavorable rulings on her claims. Each time her claims are dismissed, she repackages them with new labels, against new defendants, and in new courts, as part of an 'ever-broadening conspiracy theory.'")

Any person proceeding *pro se* who repeatedly files frivolous motions abuses the right to represent himself without counsel and the privilege of proceeding without payment of the filing fee. Millhouse has repeatedly filed frivolous and duplicative lawsuits and motions in other courts and a similar pattern of frivolous motion practice has already begun to emerge in this case. Such conduct serves no legitimate purpose and places an undue burden on this Court's limited resources, while depriving other litigants with plausible claims of the right to speedy resolution of their cases. Therefore, **Millhouse is advised that, should this conduct continue, the Court will provide instructions to the Clerk's Office regarding the docketing of Millhouse's future filings in this matter, impose restrictions on Millhouse's ability to file any new civil action without the Court's prior permission, and/or take further appropriate action to curtail frivolous and duplicative filings.** *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991).

### III. CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1) Millhouse's claims against Defendants Carrie Cunnigan, Medical Doctor; R. Clark; R. Cimorossa; and Baron are **DISMISSED WITHOUT PREJUDICE** and Carrie Cunnigan, R. Clark, R. Cimorossa, and Baron are **DISMISSED** as defendants to this action.

(2) Millhouse's claims against the Federal Bureau of Prisons are **DISMISSED WITH PREJUDICE** and the Federal Bureau of Prisons is **DISMISSED** as a defendant to this action.

(3) To the extent that Millhouse seeks to allege a constitutional *Bivens* claim against the United States of America, this claim is **DISMISSED WITH PREJUDICE**.

(4) To the extent that Millhouse seeks to allege FTCA claims against Defendants Rhonda Jones, Pamela Kenny, Mitchell Dyer, J. Ray Ormond, N. Keith, J. Gaddis, Pamela Poston, Holly Anderson, W. Foster, and "Hutchinson," those claims are **DISMISSED WITH PREJUDICE**.

(5) Millhouse's Motion to Appoint Counsel (Doc. # 11) is **DENIED**.

(6) Millhouse's Motion Requesting Ruling on Motion for Preliminary Injunction (Doc. # 14) is **DENIED AS MOOT**.

(7) Millhouse's Motion to Add Exhibit X to his recently filed Rule 60 Motion (Doc. # 18) is **GRANTED**.

(8) Millhouse's Motion for Order pursuant to Rules 60(b)(1), 60(b)(4) and 60(b)(6) (Doc. # 16) is **DENIED**.

(9) Millhouse's Motion to Stay (Doc. # 19) is **DENIED AS MOOT**.

(10) The Deputy Clerk shall prepare eleven (11) "Service Packets" for service upon the United States of America and Defendants Rhonda Jones, Pamela Kenny, Mitchell Dyer, J. Ray Ormond, N. Keith, J. Gaddis, Pamela Poston, Holly Anderson, W. Foster, and "Hutchinson." Each Service Packet shall include:

    a. a completed summons form;

    b. the Complaint (Doc. # 6);

    c. the Order granting Plaintiff *pauper* status (Doc. # 10);

    d. this Order; and

    e. a completed USM Form 285.

(11) The Deputy Clerk shall deliver the Service Packets to the United States Marshals Service ("USMS") in Lexington, Kentucky and note the date of delivery in the docket.

(12) The USMS shall serve the United States of America by sending a Service Packet by certified or registered mail to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky; and the Office of the Attorney General of the United States in Washington, D.C.

(13) The USMS shall personally serve Defendants Rhonda Jones, Pamela Kenny, Mitchell Dyer, J. Ray Ormond, N. Keith, J. Gaddis, Pamela Poston, Holly Anderson, W. Foster, and "Hutchinson" at USP—McCreary in Pine Knot, Kentucky, through arrangement with the Federal Bureau of Prisons.

(14) Millhouse is advised that he must immediately inform the Clerk's Office of any change in his current mailing address. **Failure to do so may result in dismissal of this case**.

(15) If Millhouse wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion Millhouse files must include a written certification that he has mailed a copy of it to the defendants or their counsel and state the date of mailing. **The Court will disregard motions lacking a certificate of service or any letters sent directly to the Judge's Chambers**.

This 2nd day of August, 2018.



Signed By:
*David L. Bunning* DB
United States District Judge