**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON**

**CIVIL ACTION NO. 18-125-DLB**

**KAREEM MILLHOUSE**                                                            **PLAINTIFF**

**VS.**                         **MEMORANDUM ORDER**

**RHONDA JONES, et al.,**                                         **DEFENDANTS**

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon consideration of four motions filed by Plaintiff, Kareem Millhouse; namely, two motions for default judgment (Docs. # 40 and 41), a motion to appoint counsel (Doc. # 44), and a motion for recusal (Doc. # 45). For the reasons that follow, Plaintiff's motions will be **denied**. Further, in response to the Court's prior Order (Doc. # 39), Millhouse has now indicated that Defendant "Hutchinson" was misidentified and his name is actually "Hudson." (Doc. # 45-2). Thus, the Court will direct the United States Marshals Service to attempt service on "Hudson" as instructed below.

1. <u>Motions for Default Judgment</u>

First, the Court must address the two motions for default judgment filed by Millhouse. (Docs. # 40 and 41). Each motion asserts that Millhouse is entitled to default judgment because the defendants failed to timely respond to his complaint by either a motion to dismiss or motion for summary judgment. *See id.* However, Millhouse ignores that on October 12, 2018, the Court entered an Order providing all defendants with an extension of time to answer or otherwise plead through and including the sixtieth (60th)

1

day following service of the last individual defendant. (Doc. # 39). As not all of the defendants have been served, this time period has not yet expired. Thus, Millhouse's motions for default (Docs. # 40 and 41) are **denied**.

2. Motion to Appoint Counsel

Millhouse's successive motion to appoint counsel [1] asserts that counsel is needed because this case presents medical terms, diagnosis, and graphs that neither Millhouse nor any layman is equipped to comprehend. (Doc. # 44). The motion further states that Millhouse has been transferred from USP-McCreary to USP-Lewisburg, and asserts that USP-Lewisburg officials have warned him that he will not be issued his personal property until February 2019. *Id.*

Pursuant to 28 U.S.C. § 1915(e)(1), the Court is authorized to appoint counsel to represent a *pro se* party in civil litigation, but only in truly exceptional circumstances. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). When considering whether to grant such a request, the court considers, *inter alia*, the complexity of the case, the movant's likelihood of success on the merits of the claim, and the ability of the plaintiff to represent himself competently. *Cleary v. Mukaskey*, 307 F. App'x 963, 965 (6th Cir. 2009); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993).

Just as this Court previously found, upon review these factors do not weigh in favor of the requisite exceptional circumstances to justify appointing counsel. First, the complexity of the case weighs against appointing counsel, as Millhouse's routine civil rights claims are not unduly complex. *See* (Doc. # 21 at 7). Additionally, the likelihood

---

[1] Millhouse previously filed a motion to appoint counsel on May 29, 2018. (Doc. # 11). On August 2, 2018, the Court denied the motion. (Doc. # 21).

of success remains unclear at this stage of the litigation and does not weigh in favor of appointing counsel. Finally, Plaintiff's ability to represent himself competently also weighs against appointing counsel, as Millhouse has adequately presented the claims in narrative form in his complaint. Further, while Millhouse asserts that USP-Lewisburg officials have warned him that he will not be issued his personal property until February 2019, Millhouse has failed to show how this alleged fact specifically affects his ability to represent himself. This case is still in the early stages of litigation; service of process is not yet complete, and no responsive pleadings have yet been filed by defendants. In sum, the Court has once again considered the *Lanier* factors and concludes that this case falls short of the kind of extraordinary circumstances which would warrant the appointment of counsel for Millhouse. Thus, Millhouse's motion to appoint counsel (Doc. # 44) is **denied**.

3. Motion for Recusal

Finally, the Court must address Millhouse's motion seeking that the undersigned recuse himself from presiding over this case. (Doc. # 45). A judge is required to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This standard is "not based on the subjective view of a party," *Burley v. Gagacki*, 834 F.3d 606, 615-616 (6th Cir. 2016) (citation omitted), but is instead an objective one, requiring a judge to recuse himself "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990) (citations omitted).

Disqualification is further required where a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). In this context, the words "bias or prejudice" refer to

3

"a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not possess . . . or because it is excessive in degree." *Liteky v. United States*, 510 U.S. 540, 550 (1994) (emphasis in original). *See also Williams v. Anderson*, 460 F.3d 789, 814 (6th Cir. 2006).

Indeed, although the presiding judge "may, upon completion of the evidence, be exceedingly ill disposed towards the defendant . . . [,] the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task." *Liteky*, 510 U.S. at 550–51. Rather, to justify recusal under 28 U.S.C. § 455, "the alleged bias must 'stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" *Youn v. Track*, 324 F.3d 409, 423 (6th Cir. 2003) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)).

Here, Millhouse makes no allegation that the undersigned has knowledge resulting from any extrajudicial activities or exposure to this case. Rather, Millhouse argues that the undersigned should recuse because of the Court's demonstration of "partiality and bias." (Doc. # 45). As evidence of the Court's bias, Millhouse points only to his dissatisfaction with the rulings of the Court thus far, as well as the Court's prior warnings to Millhouse that his right to proceed in this litigation *pro se* must not be abused. (Doc. # 45). However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion [and] . . . almost invariably, they are proper grounds for appeal, not for recusal." *Liteky*, 510 U.S. at 555. *See also Williams*, 460 F.3d at 815. Similarly,

"expressions of impatience, dissatisfaction, annoyance, and even anger," or "[a] judge's ordinary efforts at courtroom administration," do not establish bias or impartiality. *Liteky*, 510 U.S. at 555-56. *See also Burley*, 834 F.3d at 617 (noting that conduct that falls well within the norms of trial management does not meet the "extreme bias or prejudice" standard of *Liteky*). While Millhouse may disagree with the Court's legal conclusions, the proper method to assert his arguments for a different result is to pursue an appeal once a final judgment has been entered. *United States v. Campbell*, 59 F. App'x 50, 52 (6th Cir. 2003) (noting that prior adverse rulings by a judge "will almost never serve as a valid basis for recusal and are most often simply grounds for appeal."); *Briggs v. Peck, Shaffer & Williams, L.L.P.*, 101 F. App'x 16, 18 (6th Cir. 2004) (same). Accordingly, for all of these reasons, Millhouse's motion to recuse (Doc. # 45) is **denied**.

    4.    <u>Service of Summons on Defendant "Hutchinson"</u>

Finally, the Court must address an issue related to the service of summons and a copy of the complaint on the Defendant identified only as "Hutchinson." As the first attempt by the United States Marshals Service to serve "Hutchinson" was unsuccessful because prison officials were unable to identify this defendant (Doc. # 26), the Court previously directed Millhouse to provide any further information in his possession that would enable the marshals to identify "Hutchinson" with sufficient particularity for the marshals to attempt service. (Doc. # 39). Millhouse has now indicated that Defendant "Hutchinson" was misidentified and his name is actually "Hudson." (Doc. # 45-2). Thus, the Court will direct the United States Marshals Service to attempt service on "Hudson" as instructed below.

Accordingly, **IT IS ORDERED** as follows:

1. Millhouse's motions for default judgment (Docs. # 40 and 41) are **DENIED**.

2. Millhouse's motion to appoint counsel (Doc. # 44) is **DENIED**.

3. Millhouse's motion for recusal (Doc. # 45) is **DENIED**.

4. The Clerk of the Court shall prepare a "Service Packet" for service upon Defendant Hudson. The Service Packet shall include:

    a. a completed summons form;

    b. the Complaint (Doc. #6);

    c. the Court's Memorandum Opinion and Order entered August 2, 2018 (Doc. # 21);

    d. this Order; and

    e. a completed USM Form 285.

5. The Deputy Clerk shall deliver the Service Packet to the USMS in Lexington, Kentucky, and note the date of delivery in the docket.

6. The USMS shall personally serve Defendant Hudson at USP-McCreary in Pine Knot, Kentucky, through arrangement with the Federal Bureau of Prisons.

This 28th day of November, 2018.



Signed By:
*David L. Bunning*  DB
United States District Judge

L:\DATA\ORDERS\ProSe\18-125-DLB Millhouse Order.docx