UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 18-125-DLB-HAI

KAREEM MILLHOUSE                                                                          PLAINTIFF

v.                    **ORDER ADOPTING RECOMMENDED
                       DISPOSITION AND ORDER**

RHONDA JONES, et al.                                                                     DEFENDANTS

\* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*

This matter is before the Court on cross-Motions for Summary Judgment (Docs. # 89 and 104). Consistent with local practice, these matters were referred to United States Magistrate Judge Hanly A. Ingram for the purpose of reviewing the Motions, holding any necessary hearings, and preparing a Report and Recommendation. On January 30, 2020, Judge Ingram issued his Recommended Disposition and Order wherein he recommends that the Defendants' Motion for Summary Judgment be granted and Plaintiff's Motion for Summary Judgment be denied.[1] (Doc. # 115). Millhouse having filed timely Objections[2] to the Recommended Disposition, (Doc. # 116), it is now ripe for the Court's review. For the reasons set forth herein, the Recommended Disposition is

---

[1] In the same filing, Judge Ingram also ordered that Plaintiff's pending Rule 56(d) Motion (Doc. # 114) be denied.

[2] Under the prison-mailbox rule, a prisoner's filings, including objections, are deemed filed when "delivered to the proper prison authorities for forwarding to the district court." *Walker v. City of Lakewood*, 35 F.3d 567, 1994 WL 462137, at *1–2 (6th Cir. 1994) (unpublished table decision). Presumably Millhouse was served with the Recommended Disposition by mail, so objections were due February 16, 2020. *See* FED. R. CIV. P. 6(d), 72(b)(2). On his certificate of service, Millhouse represents that he gave his Objections to unit staff for mailing on February 12, 2020. (Doc. # 116 at 7). Accordingly, the Objections are deemed timely filed under the prison-mailbox rule.

1

**adopted** as the findings of fact and conclusions of law of the Court, and this matter is **dismissed**.[3]

I.    STANDARD OF REVIEW

A magistrate judge may be designated to consider and "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a summary-judgment motion. 28 U.S.C. § 636(b)(1)(B). Upon the issuance of the Magistrate Judge's Recommended Disposition, any party may file written objections to any of the findings within the Recommended Disposition. (Doc. # 115 at 15) (citing 28 U.S.C. § 636(b)(1)). A district judge must then review de novo any properly-objected-to portions of the Recommended Disposition. 28 U.S.C. § 636(b)(1). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The objection process "is supported by sound considerations of judicial economy," as "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

Only proper objections are considered by the district judge. Objections must be "specific . . . to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). An objection is specific and "preserves an issue when it 'explain[s] and cite[s] specific portions of the report'" which the party considers to be "problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (alterations in original) (quoting *Smith v. Chater*, 121 F.3d 702, 1997 WL 415309, at *2 (6th Cir. 1997) (unpublished table decision)). "[T]o the

---

[3] In the interest of judicial efficiency, the Court herein incorporates Judge Ingram's summary of the relevant facts and procedural history. *See* (Doc. # 15 at 1–4).

extent the Court can identify specific objections, the Court 'is not required to articulate all of the reasons it rejects a party's objections.'" *Hnatiuk v. Rapelje*, No. 06-13880, 2010 WL 2720881, at *1 (E.D. Mich. July 8, 2010) (quoting *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001)); *see also Tuggle v. Seabold*, 806 F.2d 85, 92 (6th Cir. 1986) (finding that it was sufficient for the district court, when adopting an R&R, to merely state that it made a de novo review of the record and of all objections to the magistrate's findings and recommendations).

"The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Additionally, to be considered proper, objections must do more "than state a disagreement with a magistrate's suggested resolution" or restate those arguments that "ha[ve] been presented before." *United States v. Vanover*, No. 2:10-cr-14, 2017 WL 1356328, at *1 (E.D. Ky. Apr. 11, 2017) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)). An objection that "is simply a repetition of what the Magistrate Judge has already considered . . . fails 'to put the Court on notice of any potential errors in the Magistrate's R&R'" and is thus improper. *United States v. Bowers*, No. 0:06-cv-7-DLB-REW, 2017 WL 6606860, at *1 (E.D. Ky. Dec. 26, 2017) (quoting *United States v. Shephard*, No. 5:09-cr-81-DLB, 2016 WL 9115464, at *1 (E.D. Ky. Sept. 18, 2016)). Finally, objections must be understandable in order to be considered. When objections are so unclear that "even the most perspicacious judge [would have] to guess at [their] meaning ... the district court judge should not be forced to waste time interpreting

such requests." *Howard v. Sec. of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A court should, however, construe filings from a pro se petitioner liberally, *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985), though this requirement is not absolute, *Martin v. Overton*, 391 F.32d 710, 714 (6th Cir. 2004). Such "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf," *id.*, and "pro se parties must still brief the issues advanced 'with some effort at developed argumentation,'" *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) (quoting *United States v. Reed*, 167 F.3d 984, 993 (6th Cir. 1999)). Additionally, a pro se petitioner is not exempt from following the rules of the court. *Ashenhust v. Ameriquest Mortg. Co.*, No. 07-13352, 2007 WL 2901416, at *1 (E.D. Mich. Oct. 3, 2007) (citing *McNeill v. United States*, 508 U.S. 106, 113 (1993)) (While "[t]hese [objection] rules are tempered by the principle that *pro se* pleadings are to be liberally construed . . . a *pro se* litigant must still comply with the procedural rules of the court."). Given this standard, Millhouse's objections will be construed leniently by the Court, but those that are *clearly improper* will not be considered.

## II.    PLAINTIFF'S OBJECTIONS

Plaintiff makes three main objections to MJ Ingram's Recommended Disposition and Order. *See generally*, (Doc. # 116). At the outset, however, the Court notes that Millhouse's objections are cursory and difficult to follow. In fact, the objections are likely improper because they are so vague and unclear. *See Cole*, 7 F. App'x at 356; *Howard*, 932 F.2d at 509. Out of an abundance of caution, however, the Court will consider each objection in turn.

4

### A. Objection One

Millhouse first objects to the dismissal of his Federal Tort Claims Act ("FTCA") claim. He argues that "this Court state that Plaintiff's failure to submit a certificate of merit" and dismissal of his FTCA claim is "a fundamental miscarriage of justice." (Doc. # 116 at 1). He goes on to explain that he moved for counsel "in order to obtain a certificate of merit" and that a "certificate of merit has nothing to do with the FTCA claim for falling from the upper bunk." *Id.* at 1–2. He also notes that the Defendants did not file "their notice of intention to enter judgment of non pros for failure to file a com," "the United States is responsible for its agencies employee conduct," he exhausted his administrative remedies prior to filing the FTCA claim, and "USP-McCreary failed to further diagnoses [sic] those injuries from the fall." *Id.* In sum, he states that "[t]here is no way Plaintiff's FTCA claims should be dismissed." *Id.* at 2.

First, many of Plaintiff's arguments in this first objection are not specific to Judge Ingram's Recommended Disposition and Order. Millhouse does not "explain[]" or "cite[] specific portions of the report" which he finds "problematic," so his arguments are not specific to the conclusions that Judge Ingram recommended. *Robert*, 507 F.3d at 994 (quoting *Smith*, 121 F.3d 702, 1997 WL 415309, at *2). For example, Millhouse refers to a "certificate of merit." (Doc. # 116 at 1). At no point in his R&R, however, does Judge Ingram discuss the need for such a certificate in order to proceed with an FTCA claim. *See generally* (Doc. # 115). The fact that the objection discusses something that was never mentioned in the Order demonstrates that the objection is not specific. Moreover, Millhouse's other comments—including that the U.S. is responsible for conduct of its employees, that he exhausted his administrative remedies, and that the staff failed to

diagnose injuries he sustained from a fall—are vague and non-specific. *Id.* at 2. Millhouse's statements fail to set forth arguments as to why Judge Ingram's Recommended Disposition is problematic; in fact, none of his statements even address Judge Ingram's Recommended Disposition at all. These non-specific objections, within Millhouse's first general objection, are improper. *See Cole*, 7 F. App'x at 356.

Next, Plaintiff's statement about the Defendants' failure to file "their notice of intention to enter judgment of non pros for failure to file a com" is unclear. (Doc. # 116 at 1). Beyond not being specific to the Recommended Disposition and failing to present any argument in support of the proposition, the Court would have to "guess" at the meaning of this apparent objection to Judge Ingram's Recommended Disposition, which is improper. *Howard*, 932 F.2d at 509. It appears that perhaps Plaintiff is referring to a rule in the Pennsylvania Administrative Code entitled "Entry of Judgment of Non Pros for Failure to File Certification." 231 PA. CODE § 1042.7. Not being in Pennsylvania, however, even if this were a proper objection, Plaintiff's apparent attempt to apply out of state law is inappropriate.

Finally, Millhouse makes the general statement that the FTCA claim should not be dismissed. Again, this statement is not specific to Judge Ingram's Order. Additionally, Millhouse is simply "stating [his] disagreement with [the] magistrate's suggested resolution," which is not a proper objection. *Vanover*, 2017 WL 1356328, at *1. As none of the objections to Judge Ingram's recommendation to dismiss the FTCA claim are proper, the first objection will be **overruled**.

B.     Objection Two

Next Millhouse objects to the dismissal of his claims under the Eighth Amendment. His objection states: "Its too much evidence in the record for deliberate indifference. If no test conducted which are required to further diagnose plaintiff condition alone is deliberate indifference." Reading the objection leniently, as required, *Boswell*, 169 F.3d at 387; *Franklin*, 765 F.2d at 84–85, it appears that perhaps Millhouse is arguing that failure to conduct medical tests is a form of deliberate indifference under the Eighth Amendment. The objection is inappropriate, however, because he fails to cite to support for this proposition or make any "effort at developed argumentation." *See Coleman*, 79 F. App'x at 157 (quoting *Reed*, 167 F.3d at 993).

Additionally, Millhouse's argument would not change Judge Ingram's conclusion even if it were a proper objection. As Judge Ingram correctly explained, "[a] plaintiff asserting deliberate indifference to his serious medical needs must establish both the objective and subjective components of such a claim." (Doc. # 115 at 8) (citing *Jones v. Muskegon Co.*, 625 F.3d 935, 941 (6th Cir. 2010)). To meet the objective component, the plaintiff must "show that the medical condition is 'sufficiently serious,'" *id.* at 8–9 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)), while the subjective component "requires the plaintiff to show that prison officials actually knew of a substantial risk of harm to plaintiff's health but consciously disregarded it," *id.* at 9 (citing *Cooper v. Cty. of Washtenaw*, 222 F. App'x 459, 466 (6th Cir. 2007); *Brooks v. Celeste*, 39 F.3d 124, 128 (6th Cir. 1994)).

While in some cases failure to administer diagnostic tests may support a claim of deliberate indifference, *see Tate v. Coffee Cty., Tenn.*, 48 F. App'x 176, 179–80 (6th Cir.

7

2002), that is not the case here. As Judge Ingram explained, the standard of culpability for deliberate indifference to a serious medical need is higher than the level of culpability needed to show medical negligence. (Doc. # 115 at 9). Millhouse has not put forth sufficient evidence to show medical negligence, *id.* at 6–8, and therefore cannot show deliberate indifference to a serious medical need whether by failing to administer diagnostic tests or otherwise, *id.* at 10. Again, Millhouse fails to cite to any portion of the R&R or develop any specific argument as to why Judge Ingram's R&R is incorrect; thus, he has not properly objected. *See Robert*, 507 F.3d at 994 (quoting *Smith*, 121 F.3d 702, 1997 WL 415309, at *2); *Coleman*, 79 F. App'x at 157 (quoting *Reed*, 167 F.3d at 993).

Moreover, the comment that "Its too much evidence in the record for deliberate indifference" seems to suggests a mere disagreement with Judge Ingram's conclusion that Millhouse has failed to show deliberate indifference, which is simillarly improper. *Vanover*, 2017 WL 1356328, at *1. Thus, Millhouse's second objection is **overruled**.

## C.     Objection Three

Millhouse's final objection reads "Plaintiff submitted a Rule 56(D) Motion in response to Defendants['] Motion for Summary Judgment so how can the Court state Plaintiff did not respond." Plaintiff does not cite to the particular portion of the Recommended Disposition to which he is referring, which makes the objection not specific. *See Robert*, 507 F.3d at 994 (quoting *Smith*, 121 F.3d 702, 1997 WL 415309, at *2). Additionally, this last objection reads more like a question to the Court, rather than an objection to Judge Ingram's Recommended Disposition. Accordingly, this objection is improper.

Even if the objection were proper, it is meritless. It appears perhaps that Plaintiff is referring to Judge Ingram's summary of the procedural history of this case where Judge Ingram notes that Millhouse did not file a response to Defendants' Motion for Summary Judgment by the January 3, 2020 deadline. (Doc. # 115 at 4). Judge Ingram does, however, note that Millhouse filed a discovery motion. *Id.* Judge Ingram correctly summarizes the procedural history of this case. Having reviewed the docket sheet, it is clear that Plaintiff Millhouse did not file a specific response to the Defendants' Motion for Summary Judgment. While Plaintiff did file a Rule 56(d) Motion requesting discovery, (Doc. # 114), this is not the same as filing a response brief in opposition to Defendants' Motion for Summary Judgment setting forth arguments as to why the Defendants' Motion should be denied. Thus, to the extent Millhouse's third objection is proper, it is **overruled**.

### III. CONCLUSION

In sum, Millhouse fails to raise any specific, discernable, or meritorious legal objections to Judge Ingram's R&R. Additionally, the Court has reviewed the entirety of Judge Ingram's Recommended Disposition and finds that its analysis and conclusions are sound in all respects. Accordingly, for the reasons set forth herein,

**IT IS ORDERED** as follows:

(1) The Recommended Disposition and Order of the United States Magistrate Judge (Doc. # 115) is hereby **ADOPTED** as the findings of fact and conclusions of law of the Court;

(2) Plaintiff's Objections (Doc. # 116) are hereby **OVERRULED**;

(3) Plaintiff's Motion for Summary Judgment (Doc. # 89) is **DENIED**;

(4) Defendants' Motion for Summary Judgment (Doc. # 104) is **GRANTED**;

(5) This matter is hereby **DISMISSED** and **STRICKEN** from the Court's active docket; and

(6) A separate Judgment will be filed concurrently herewith.

This 4th day of March, 2020.



Signed By:
*David L. Bunning*
United States District Judge

J:\DATA\ORDERS\London\2018\18-125 Order Adopting R&R.docx